```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 18-CIV-21165-SCOLA
                              MAGISTRATE JUDGE P.A. WHITE
EARL N. ROBERSON,

     Petitioner,

vs.                                     REPORT OF
                                     MAGISTRATE JUDGE
STATE OF FLORIDA,

     Respondent.
_____/
```

### I. Introduction

The *pro se* petitioner, **Earl N. Roberson,** a convicted state prisoner presently confined at Suwannee Correctional Institution, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his state convictions and sentences, following a jury trial, in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County **case number 10-cv-020788.**

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the Petition (DE#1), this Court reviewed all pertinent portions of the online criminal trial docket contained therein (hereinafter referred to as "Online Trial Docket"). This Court also reviewed the online state appellate court docket (hereinafter referred to as "Online Appellate Docket"). All pertinent state court records were included as part of the record

pursuant to this Court's order of directions.[1] An order to show cause was not issued because habeas relief is clearly unwarranted.[2]

II. <u>Relevant Factual and Procedural History</u>[3]

The State Trial Court Docket shows that, on January 3, 2012, Petitioner was convicted and sentenced.[4] A notice of appeal was filed on February 14, 2012. Florida's Third District Court of Appeal affirmed the convictions and sentences on October 9, 2013. The mandate issued on October 25, 2013. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court or seek discretionary review from the Florida Supreme Court.

Nearly two years later, on or about September 30, 2015, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. The Trial Court Docket indicates that the litigation for that proceeding continued until May 26, 2016, the

---

[1] The Court may take judicial notice of its own records in habeas proceedings, <u>McBride v. Sharpe</u>, 25 F. 3d 962, 969 (11th Cir. 1994), <u>Allen v. Newsome</u>, 795 F. 2d 934, 938 (11th Cir. 1986). In addition, it may rely upon state records, which can be found on-line. <u>See</u> Fed. R. Evid. 201. <u>See also</u> <u>United States v. Glover</u>, 179 F. 3d 1300, 1302 n.5 (11th Cir. 1999)(finding the district court may take judicial notice of the records of inferior courts).

[2] Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> **If it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court, the judge must dismiss the motion and direct the clerk to notify the petitioner**.

Rule 4(b), Rules Governing Section 2254 Cases (emphasis added). Thus, a district court has the power, under Rule 4 of the Rules Governing Section 2254 Cases, to examine and dismiss frivolous § 2254 petitions prior to any answer or other pleading by the state.

[3] This Court need not address the entire procedural history for this Court to be aware of all significant procedural moments.

[4] The judgment shows that the judgment was signed on a different, earlier date. This Court gives Petitioner the benefit of the doubt and relies upon the later date referenced in the body of this report.

2

date the state trial court denied postconviction relief.

Thereafter, on or about August 18, 2017, Petitioner filed for a notice of belated postconviction appeal in the Third District Court of Appeal in State Appellate Case No. 3D17-1911. On August 31, 2017, the petitioner for belated appeal of his postconviction motion was granted, authorizing Petitioner to proceed as to his challenge of the May 26, 2016 denial of his Fla. R. Crim. P. 3.850 motion. Accordingly, a new case number was opened under State Appellate Case No. 3D17-2049. The Third District Court of Appeal denied on January 24, 2018. Petitioner filed a motion for rehearing on or about February 14, 2018, which was denied on February 19, 2018. The mandate issued on March 7, 2018.

Soon after, Petitioner filed by mail the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[5] The petition does not have a date of when Petitioner signed his Petition. It merely states that it was filed in March of 2018. However, the mailing stamp shows that the petition was mailed on March 21, 2018. (DE#1 at 30).

### III. Discussion-Timeliness

A. Timeliness

The Petition was filed after April 24, 1996, which is the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. See, e.g.,

---

[5] "Absent evidence to the contrary in the form of prison logs or other records," a prisoner's filings are presumed and "deemed filed the date [they] are delivered to prison authorities for mailing." Washington v. United States, 243 F. 3d 1299, 1301 (11th Cir. 2001). See also Houston v. Lack, 487 U.S. 266, 270-71 (1988)(extending the federal "prison mailbox rule" to persons in state custody filing in federal court).

Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001). In general, petitioners have a one-year time limitations period to file a federal habeas petition under 28 U.S.C. § 2254. Calculating when that year begins, ends, and pauses is often the challenge.

A properly-filed application for state postconviction relief stops the AEDPA clock and tolls the limitations period. See 28 U.S.C. § 2244(d)(2).[6] The AEDPA clock and limitations period then resumes running again when the state's highest court issues its mandate disposing of a motion for postconviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007). Of course, in order to toll the limitations period, the state motion for postconviction relief must be filed before the limitations period expires. See Tinker v. Moore, 255 F. 3d 1331, 1332 (11th Cir. 2001). Thus, assuming no tolling occurred, petitioners have one year to file a § 2254 petition.

The time limitations period begins to run according to 28 U.S.C. § 2244(d)(1).[7] Typically, as is the case here, the time

---

[6] A properly filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000)(overruling Weekley v. Moore, 204 F. 3d 1083 (11th Cir. 2000)).

[7] The statute provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by

limitations period begins to run pursuant to § 2244(d)(1)(A), which inquires what was the date of finality.[8] Under the AEDPA, the date of finality means "'the conclusion of direct review or the expiration of the time for seeking such review[.]'" Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) (quoting 28 U.S.C. § 2244(d)). If a criminal defendant pursues direct review to the Supreme Court, judgment becomes final when the Supreme Court affirms the conviction on the merits or denies the petition for certiorari. Id. at 149. In all other cases, the judgment becomes final when the time for pursuing direct review in the Supreme Court, or in state court,[9] expires. Id. at 154.

---

> such action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[8] Petitioner does not rely upon a state-created impediment that is capable of pushing forward the date of finality further into the future. Although Petitioner had circumstances that caused delays during postconviction, see (DE#1 at 26), the point of when the federal time limitations began to run is unaffected by that isue. Thus, § 2244(d)(1)(B) does not apply to him. After reviewing the instant Petition, it is apparent that § 2244(d)(1)(C)-(D) are inapplicable as well.

[9] With respect to determining if the date of finality for the purposes of § 2244(d)(1)(A) is the date that direct review concluded in state court, as opposed to the date when direct review expired in the Supreme Court, the inquiry turns on whether the Supreme Court would have had jurisdiction over the judgment. If a defendant's direct appeal does not involve (1) a judgment of a "state court of last resort" or (2) a judgment of a lower state court and the "state court of last resort" denied discretionary review, then the finality date is marked as the date direct review concluded in state court. See Gonzalez, 565 U.S. at 154. If the Supreme Court would have had jurisdiction, and a petition for writ of certiorari was not filed in the Supreme Court, then the finality date is ninety days from the judgment a defendant could have challenged on direct review. See id.

Turning to this case, the instant Petition is plainly time-barred. The Third District Court of Appeal affirmed on **October 9, 2013**. Because the Florida Supreme Court lacks jurisdiction to review *per curiam* affirmances, Petitioner had ninety days from the Third District Court of Appeal's affirmance to file a petition for writ of certiorari in the Supreme Court of the United States. See Chavers v. Sec'y, Fla. Dep't. of Corr., 468 F. 3d 1273, 1275 (11th Cir. 2006)(holding that the AEDPA's one-year statute of limitations began to run ninety days after Florida appellate court affirmed federal habeas petitioner's conviction in its judgment, not 90 days after mandate was issued by that court, as that is when Supreme Court review expired). See also Williams v. Sec'y, Fla. Dep't of Corr., 674 Fed. App'x 975, 976 (11th Cir. 2017) (explaining because Florida Supreme Court would have lacked jurisdiction over a per curiam affirmance without a written opinion the petitioner was afforded an additional 90 days until his case became "final" for purposes of § 2244). Therefore, Petitioner's conviction became **final on January 7, 2014**, which is ninety (90) days from the date of the Third District Court of Appeal's affirmance on direct appeal. In other words, the federal time limitations ran untolled on January 7, 2014.

The Trial Court Docket shows that **on or about September 30, 2015** Petitioner filed his initial motion for postconviction relief under Fla. R. Crim. P. 3.850. Thus, assuming that motion was a properly-filed application for postconviction relief, time limitations period would have started to toll for the first time on or about that date. But the interval of time between January 7, 2014 (i.e. the date of finality) and September 30, 2015 (i.e. the latest date of when the initial motion for postconviction relief was filed) amounts to **six-hundred thirty-one (631) untolled days**. Even assuming there was an extraordinary sixty-day delay in mailing

6

that initial motion for postconviction relief, Petitioner would still be over the one-year time period. As such, the instant Petition is filed well over the one-year federal time limitations period. Accordingly, absent an exception, the instant petition is time-barred.[10]

B. Equitable Tolling - Improper

Given the procedural history narrated above, this federal habeas proceeding is due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). In that regard, the Supreme Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

---

[10] The Petitioner asserts that his Petition is timely because he was granted a belated postconviction appeal. He is mistaken. The finality date (i.e. January 4, 2014) was not changed by the litigation for a belated appeal on a postconviction order. Nor was the finality date affected by its ultimate granting. The Eleventh Circuit has indicated that time limitations may toll when belated appeals on a postconviction order are granted in Florida's state courts. See McMillan v. Sec'y, Fla. Dep't of Corr., 257 Fed. App'x 249, 252-53 (11th Cir. 2007) (indicating that the granting of a belated appeal tolls the time limitations period). See also Danny v. Sec'y, Fla. Dep't of Corr., 811 F. 3d 1301, 1304 (11th Cir. 2016). But, such grants do not reset the date of finality. In contrast, a grant of a belated direct appeal resets the federal time limitations. See Jimenez v. Quarterman, 555 U.S. 113, 120-21 (2009) (explaining that an appellate court's order granting a petition for a belated direct appeal resets the date for the purposes of finality under 28 U.S.C. § 2254(d)). Because a belated direct appeal is not at issue, Petitioner's reliance as to the belated appeal on a postconviction order is irrelevant to the calculation of timeliness.

7

Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Sec'y, Fla. Dep't of Corr, 742 F. 3d 473, 477 (11th Cir. 2014)(quoting Hunter v. Ferrell, 587 F. 3d 1304, 1308 (11th Cir. 2009)). The petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. See Cole v. Warden, Ga. State Prison, 768 F. 3d 1150, 1158 (11th Cir. 2014)(citing Hutchinson v. Fla., 677 F. 3d 1097, 1099 (11th Cir. 2012)). Decisions regarding equitable tolling are made on a case-by-case basis and often require specific circumstances that were hard to predict in advance. Hutchinson, 677 F. 3d at 1098.

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" Cole, 768 F. 3d at 1158 (quoting Diaz v. Kelly, 515 F. 3d 149, 154 (2d Cir. 2008)). Further, a petitioner must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F. 3d 1257, 1267 (11th Cir. 2011); Drew v. Dep't of Corr., 297 F. 3d 1278, 1286 (11th Cir. 2002) (overruled on other grounds by Pace v. Diguglielmo, 544 U.S. 408 (2005)).

Petitioner has not demonstrated that he was diligent in pursuing postconviction relief. Nearly two years passed before any postconviction filings were presented in state court or federal court. While maximum diligence is not required, Petitioner's actions do not resemble that of a man exhibiting reasonable

8

diligence. See,e.g., Holland, 560 U.S. at 653 (discussing how Holland drafted a federal habeas petition "the very day" that he discovered his attorney failed to timely file in federal court).

Although Petitioner states that attorney error resulted in him not receiving the order denying his initial motion for postconviction relief under Fla. R. Crim. P. 3.850, see (DE#1 at 26-27), that allegation does not explain why the initial motion for postconviction relief was filed well over the one-year federal time limitations period. Accordingly, even if this Court could toll the period of time Petitioner seeks equitable tolling for, it would not resolve the untimeliness of the instant Petition.

With regard to whether extraordinary circumstances stood in Petitioner's way, Petitioner has not provided any statements to justify why the initial motion for postconviction relief was not filed sooner. Thus, after reviewing the Trial Court Docket and the allegations in the Petition, nothing extraordinary stood in Petitioner's way.

Consequently, Petitioner has not established any fact to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling." See Drew, 297 F. 3d 1278, 1289 (11th Cir. 2002). Because this habeas corpus proceeding is untimely, Petitioner's claims are now time-barred pursuant to 28 U.S.C. § 2244(d) and should not be considered on the merits.

C. Actual Innocence

Actual innocence may sometimes serve to overcome the procedural bar caused by an untimely filing. As the United States Supreme Court held, actual innocence, if proved, serves as a

9

gateway through which a petitioner may pass when the impediment is a procedural bar under the AEDPA. See McQuiggin v. Perkins, 569 U.S. 383, 401 (2013). This is consistent with the rulings of Schlup v. Delo, 513 U.S. 298 (1995) and House v. Bell, 547 U.S. 518 (2006). See McQuiggin v. Perkins, 569 U.S. at 386.[11]

"[T]he Schlup standard is demanding and permits review only in the "extraordinary case." House v. Bell, 547 U.S. at 538 (internal quotations omitted). "In the usual case the presumed guilt of a prisoner convicted in state [or federal] court counsels against federal review of [untimely] claims." Id. at 537.

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup, 513 U.S. at 324. To succeed on a claim of actual innocence, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House, 547 U.S. at 536-37 (quoting Schlup, 513 U.S. at 327). Thus, the actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

---

[11] The Eleventh Circuit had recognized this equitable exception to AEDPA's statute of limitations based on a credible showing of actual innocence. See San Martin v. McNeil, 633 F. 3d 1257, 1267-68 (11th Cir.), cert. denied, San Martin v. Tucker, 565 U.S. 843 (2011).

10

Finally, and interrelated to the actual innocence gateway, "[a] court may consider an untimely petition if, by refusing to consider the petition for untimeliness, the court thereby would endorse a "fundamental miscarriage of justice" McQuiggin v. Perkins, 569 U.S. at 398 n.5 (relying upon Thompson, 501 U.S., 722, 750 (1991) and Holland v. Florida, 560 U.S. 631 (2010))). This circuit has stated that "fundamental miscarriage of justice" occurs where a procedural bar would cause "an individual who is actually innocent [to] remain imprisoned." San Martin v. McNeil, 633 F. 3d 1257, 1267-68 (11th Cir. 2011)(citing Johnson v. Alabama, 256 F. 3d 1156, 1171 (11th Cir. 2001)).

Turning to this case, Petitioner presents no new evidence whatsoever, let alone any "new reliable evidence" to support a claim of actual innocence. Nor has he suggested that this requisite evidence exists so as to meet the stringent actual-innocence standard. See House v. Bell, 547 U.S. at 521, 536-37. Throughout the Petition, the Petitioner argues as to the legal sufficiency of his guilty verdict due to Williams-rule evidence. (DE#1). But for the high bar set by the actual innocence standard, mere legal insufficiency is not enough. See Bousley, 523 U.S. at 623.

As such, Petitioner failed to carry his burden that there is new evidence showing he is actually innocent. See Milton v. Sec'y, Fla. Dep't of Corr., 347 Fed. App'x. 528, 531-32 (11th Cir. 2009)(relying on the fact that affiants were mostly aware of the alleged facts to which they attested before petitioner's trial, the affidavits were either not new evidence or were of questionable reliability, and none of the evidence negated petitioner's confession or his taped conversation with the victim's mother wherein he implicated another individual in the murder).

11

Consequently, without additional newly discovered evidence, there is no federal constitutional violation which would allow this court to ignore the time bar and review the claims raised herein on the merits. See Herrera v. Collins, 506 U.S. 390, 400 (1993)(holding "[c]laims of actual innocence based on newly discovered evidence have never held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); Jordan v. Sec'y, Fla. Dep't of Corr, 485 F. 3d 1351, 1356 (11th Cir. 2007) (discussing that free standing innocence claims are not enough).

Further, no fundamental miscarriage of justice will result by time-barring the claims raised in this habeas proceeding. Indeed, Petitioner has not presented sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings sufficient to show that a fundamental miscarriage of justice will result if the claim is not addressed on the merits. Therefore, this federal petition cannot be reviewed on the merits because the Petition is untimely and an equitable exception is inapplicable to this case.

## IV. Certificate of Appealability

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing Section 2254 Proceedings, Rule 11(b), 28 U.S.C. foll. § 2254.

"A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). See also Eagle v. Linahan, 279 F. 3d 926, 935-36 (11th Cir. 2001). Thus, Petitioner need not show that an appeal would succeed among some jurists. Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). After all, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 338.

Petitioner cannot turn back the clock. Well over a year of the federal time limitations ran untolled before any filings were presented in state court. Given the circumstances, equitable tolling is not warranted. Finally, Petitioner does not rely on the sort of evidence capable of satisfying that standard. Thus, no reasonable jurists would find it debatable that the instant Petition is timely or should be considered on the merits. A certificate of appealability, therefore, should not issue in this case.

### V. Evidentiary Hearing

Petitioner's request for an evidentiary hearing, see (DE#1 at 28), should be denied. As the Supreme Court held in Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011), "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Because the instant Petition can be resolved by simply referring to the state court docket for all pertinent facts, an evidentiary hearing in federal court is not

13

needed. See Schiro v. Ladrigan, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). See also 28 U.S.C. § 2254(e)(2) (stating federal courts "shall **not** hold an evidentiary hearing" "unless the application shows" circumstances that are inapplicable to the instant Petition) (emphasis added).

## VI. Recommendations

Based upon the foregoing, it is recommended that this Petition for Writ of Habeas Corpus be **DENIED**, that a certificate of appealability be **DENIED**, and the case be **CLOSED**.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 18th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

cc:

    Earl N. Roberson
    M79840
    Suwannee Correctional Institution
    Inmate Mail/Parcels
    5964 US Highway 90
    Live Oak, FL 32060
    PRO SE


    Noticing 2254 SAG Miami-Dade and Monroe
    CrimAppMia@myfloridalegal.com